NOT DESIGNATED FOR PUBLICATION

No. 113,448

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BARRETT M. STOKES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed July 15, 2016. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin* and *Kyle Edelman*, assistant district attorneys, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MCANANY and ATCHESON, JJ.


*Per Curiam*: Defendant Barrett M. Stokes appeals the ruling of the Shawnee County District Court revoking his probation and ordering him to serve the sentences imposed on him for burglary and theft convictions. Barrett contends the district court made insufficient findings to warrant his incarceration and the decision reflects an abuse of discretion. We find no error and affirm.

In May 2013, the State charged Stokes with one count of aggravated burglary, a felony, and one count of misdemeanor theft. Based on an agreement with the State,

1

Stokes pled no contest to an amended felony charge of burglary and to the misdemeanor theft. At a hearing later that month, the district court sentenced Stokes to concurrent terms of 12 months in prison for the burglary and 12 months in jail for the theft and then placed him on probation for 24 months.

Stokes lived in Geary County, and this probation was supervised there. Stokes had multiple probation violations, prompting the imposition of several 3-day jail sanctions as provided in K.S.A. 2015 Supp. 22-3716. Then, in October 2014, the State sought to revoke Stokes' probation because he had committed a new felony—unlawful voluntary sexual relations, criminalized in K.S.A. 2015 Supp. 21-5507—as charged in Geary County District Court case no. 14-CR-395.

At the revocation hearing, Stokes admitted the probation violation based on the Geary County criminal case and requested that he be reinstated on probation. The district court declined to do so. In a terse bench ruling, the district court cited Stokes' commission of the new felony, observed that another intermediate sanction would not benefit Stokes or protect the community, and ordered that he serve the underlying sentences in this case. Stokes has appealed that ruling.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary,* 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violation satisfies the first step. Here, Stokes so stipulated, obviating the State's duty to prove the violation by a preponderance of the evidence. See *State v. Gumfory,* 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State*

2

*v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut,* 286 Kan. at 227-28. A district court abuses that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Stokes carries the burden of showing that the district court exceeded its discretion. See *State v. Stafford,* 296 Kan. 25, 45, 290 P.3d 562 (2012).

As set out in K.S.A. 2015 Supp. 22-3716, a district court commonly must impose sequentially escalating sanctions—periods of incarceration ranging from 3 to 180 days—before ordering a defendant to serve the underlying sentence in a given criminal case. But a district court may bypass those sanctions if the defendant commits a new felony or misdemeanor while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). A district court may likewise dispense with those sanctions by "set[ting] forth with particularity" why they would jeopardize "the safety of members of the public" or fail to serve "the welfare of the offender." K.S.A. 2015 Supp. 22-3716(c)(9).

For his first point on appeal, Stokes contends the district court made insufficient findings establishing the legal inadequacy of some additional intermediate sanction. The district court stated only that "an intermediate sanction will not serve either you or protect the community" and offered no other explanation of that aspect of its ruling. We agree with Stokes insofar as the district court failed to offer any reasons, particular or otherwise, for its conclusion. Simply invoking the statutory phrasing without tying those words to identified factual circumstances provides nothing more than a mystical incantation. And K.S.A. 2015 Supp. 22-3716(c)(9) requires considerably more. If that

3

were the end of the matter, we would reverse and remand. The district court failed to comply with K.S.A. 2015 Supp. 22-3716(c)(9) and, thus, materially deviated from the governing legal framework.

But that isn't the end. The district court also specifically found Stokes committed a new crime, a felony sex offense, and directly referred to the criminal nature of the probation violation in entering its order. The district court, therefore, properly relied on K.S.A. 2015 Supp. 22-3716(c)(8) in sending Stokes to prison. Either K.S.A. 2015 Supp. 22-3716(c)(8) or K.S.A. 22-3716(c)(9) alone allows a district court to step past intermediate sanctions for a probation violation. The district court, therefore, established a legally sufficient basis for its decision.

For his other point, Stokes contends the district court's ruling amounted to an abuse of discretion because the new crime constituting the probation violation in this case carries a presumptive punishment calling for probation and he, in fact, was placed on probation in Geary County for that crime. We find the argument unpersuasive.

Although the Geary County District Court viewed Stokes to be probation worthy in that case and presumably took account of his performance on probation in this case, we cannot say that determination renders the essentially contrary ruling in this case an abuse of discretion. In this respect, Stokes presents no grounds for saying the district court misunderstood the law or mistook the facts. Rather, he effectively argues no reasonable judicial officer would have revoked his probation and sent him to prison. But judicial discretion entails an exceptionally wide swath of decisionmaking and may, depending on the issue, embrace different and even conflicting outcomes in the same or similar circumstances.[*] How to treat a revoked probationer is one of those issues.

[*]In many cases, a district court would not abuse its discretion whichever way it ruled on an issue. See *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("[U]nder an abuse of discretion standard there will be circumstances in which we would affirm the

4

district court whichever way it went."); *Kleban v. Eghrari-Sabet*, 174 Md. App. 60, 101-02, 920 A.2d 606 (2007); *Arbor Lake, LLC v. Enterprise Bank & Trust*, No. 109,757, 2014 WL 4723732, at \*4 (Kan. App. 2014) (unpublished opinion). By the same token, two district courts could consider the same discretionary issue and, even under comparable facts, come to differing conclusions without abusing their discretion.

Here, the evidence showed Stokes to have displayed a continuing disregard for the rules and requirements of his probation. That disregard culminated in his commission of a felony, albeit a felony carrying a comparatively lenient sentence. Stokes' behavior, however, evinced an unwillingness to do what was required and displayed an escalation from noncriminal rules violations to criminal conduct. Given those circumstances, we readily conclude the district court's decision to send Stokes to prison easily rested within the boundaries of its discretion.

Affirmed.